RECORD NUMBER: 14-4588

# United States Court of Appeals
### *for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**MARVIN WILBURN,**

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

# OPENING BRIEF OF APPELLANT

**DENZIL H. FORRESTER**
**DENZIL H. FORRESTER,**
**ATTORNEY AT LAW**
**3325 Washburn Avenue**
**Suite 103**
**Charlotte, NC 28205**
**(704) 632-9992**

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT OF JURISDICTION ........................................................1

ISSUES PRESENTED FOR REVIEW ....................................................2

STATEMENT OF THE CASE ..................................................................2

ANDERS STATEMENT ...........................................................................5

SUMMARY OF ARGUMENT .................................................................6

ARGUMENT..............................................................................................6

    A.    Standard of Review..................................................................6

    B.    Discussion .................................................................................6

           Anders Protocol ...............................................................7

           The Undersigned...............................................................7

CONCLUSION ..........................................................................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Anders v. State of California, 386 U.S. 738 (1967) .................................. 5, 8

Robbins v. Smith, 152 F.3d 1062 (9th Cir. 1997) .......................................... 8

United States v. Chandia, 675 F.3d 329, 337 (4th Cir. 2012) ....................... 6

United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005) ............................. 7

United States v. Poindexter, 492 F.3d 263 (4th Cir. 2007) .......................... 5

United States v. Rooks, 596 F.3d 204, 210 (4th Cir. 2010) .......................... 6

United States v. Wessells, 936 F.2d 165 (4th Cir. 1991) ............................... 7

**STATUTES**

18 U.S.C. § 1956(h) .................................................................................. 1, 2

18 U.S.C. § 3231 ............................................................................................ 2

18 U.S.C. § 3742(a) ....................................................................................... 2

21 U.S.C. § 841(b)(1)(A) .............................................................................. 1

21 U.S.C. § 846 ............................................................................................. 1

28 U.S.C. § 1291 ........................................................................................... 2

**GUIDELINES**

U.S.S.G. 2 D1.1 ............................................................................................. 2

U.S.S.G. 2 D1.1(b)(1) ................................................................................... 6

**RULES**

F.R.A.P. 4(b)(1)(A)..................................................................................2

## STATEMENT OF JURISDICTION

On August 20, 2013, a four count Third Superseding Bill of Indictment was filed against Marvin Ray Wilburn in the Western District of North Carolina. In Count One appellant was charged with Conspiracy to Possess with Intent to Distribute at least 1,000 kilograms of a mixture containing a detectable amount of marijuana, in violation of Title 21 U.S.C. §§ 846 and 841(b)(1)(A). In Count Two he was charged with Conspiracy to Commit Money Laundering, in violation of Title 18 U.S.C. § 1956(h). In Count Three he was charges with Possession of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18 U.S.C. § 924(c). The offense occurred from in or about 2004, in Gaston and Mecklenburg Counties, within the Western District of North Carolina and elsewhere including Los Angeles, California. Marvin Wilburn was a member of a conspiracy along with: Darrick Leon Johnson; Corvain T. Cooper; Leamon Keishan Moseley; Tavarus Logie; Ahmed Daniel Crockett; Goldie Crockett and others to launder proceeds of marijuana trafficking.

On September 24, 2013, Mr. Wilburn appeared before United States Magistrate Judge David Keesler, in Charlotte, Mecklenburg County, North Carolina, and pled guilty to Count Two of the Third Superseding Bill of Indictment pursuant to a written Plea Agreement. The district court entered judgment on July 28, 2014. A *pro se* Notice of Appeal was filed on June 27, 2014. Criminal

defendants are allowed fourteen calendar days after the entry of judgment to appeal pursuant to the Federal Rules of Appellate Procedure, 4(b)(1)(A). Mr. Wilburn's Notice of Appeal was filed in a timely manner. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court's jurisdiction arises under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## ISSUE PRESENTED FOR REVIEW

I. Was it judicial error to sentence a victim of a firearms crime pursuant to 2D1.1 of the Guidelines?

## STATEMENT OF THE CASE

This case originated from the First Superseding Bill of Indictment filed on January 15, 2013, in the Western District of North Carolina in the Charlotte Division. A Second Superseding Bill of Indictment was filed containing appellant's name on June 19, 2013. As it pertains to the conviction of Marvin Wilburn, on August 20, 2013, the Third Superseding Bill of Indictment was filed in Charlotte, North Carolina. On August 24, 2013, Wilburn waived his right to appear at arraignment. His count of conviction is Count Two, Conspiracy to Commit Money Laundering, in violation of Title 18 U.S.C. § 1956(h).

On September 24, 2013, Wilburn appeared before the magistrate court and pled guilty to Count Two of the Third Superseding Bill of Indictment. On April 8, 2014, a draft Presentence Report (PSR) was published. (Doc Entry # 394) The

first page of the document indicated Mr. Wilburn was arrested and detained, on August 21, 2013, for the federal charges. On April 25, 2014, Wilburn filed a clarification to the PSR, stating the importance of his correct federal arrest date. The accurate date is significant because it concerns jail credit for presentence detention. A revision to the PSR was typed to include July 12, 2013, as the date of service of the federal arrest warrant in California. The final PSR was filed on May 6, 2014. The final PSR lists Wilburn's U.S.S.G. offense level of 27, and a criminal history category of VI. The guideline range for imprisonment, for that offense level, is 130 months to 162 months.

On June 18, 2014, United States District Judge Robert J. Conrad, Jr., accepted appellant's guilty plea and sentenced Mr. Wilburn to 130 months imprisonment. After his arrest Mr. Wilburn was interviewed by federal case agents. (Doc. No. 24 p.1) His cooperation did not yield a downward departure from the Government. The district court pronounced a two-year term of supervised release. The Judgment and Statement of Reasons were filed on July 28, 2014. On June 18, 2014, a *pro se* Notice of Appeal was filed.

Marvin Wilburn was one of eight men and women who were arrested in this conspiracy pursuant to the fourth iteration of the charging document. Some of the codefendants lived in North Carolina. Others, like Wilburn, are from California. Wilburn owned an auto brokerage business. (Sentencing Tr. Pg.5) He used his

various bank accounts at financial institution to launder drug proceeds. He also accepted cash as payment for high-end luxury vehicles from marijuana traffickers, knowing the funds were the proceeds of drug transaction. Wilburn was responsible for the marijuana proceeds equivalent of at least one hundred kilograms but less than four hundred kilograms. (PSR¶ #7)  Coconspirator Ahmed Daniel Crockett and Sharon Kelsey-Brown voluntarily cooperated with the authorities against Wilburn. (PSR ¶#4) The length of the conspiracy spans a period of approximately nine years. During that period Wilburn is said to have possessed a firearm. (PSR ¶#8) The PSR at paragraph number 56 indicates Wilburn was robbed and shot in year 2000. In the aggregate, he sustained five bullet entries to the face, side and arm. His friend was killed in the robbery. (PSR ¶ # 56)  Wilburn reported experiencing periods of depression and anxiety. Wilburn has a steel plate in his left heel which has not been removed. (PSR ¶ #55)

Marvin Ray Wilburn was born in Los Angeles, California on January 25, 1976. His parents were married at that time and he reports his father was a Baptist minister. Wilburn is married to T. Burton and they have three minor children.

Wilburn completed high school and has taken college classes at Santa Monica College in Santa Monica, California.  He intends to seek gainful employment using his skills to support his family upon release. (Sentencing Tr. pgs. 5 &9)

4

## ANDERS STATEMENT

On September 24, 2013, Marvin Ray Wilburn entered a plea of guilty to Count Two of the Third Superseding Bill of Indictment. The plea agreement contains a waiver of appeal. Notwithstanding, the undersigned is compelled to champion the initial stages of appellant's petition for review by a higher court. *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007). On June 18, 2014, United States District Judge Robert J. Conrad, Jr., accepted appellant's guilty plea and sentenced Mr. Wilburn after the district court questioned Wilburn regarding his knowledge of the charge and potential punishment and then the voluntariness of acceptance of his guilty-plea. Wilburn's signature on the plea colloquy demonstrates acceptance of responsibility for the count of conviction. Wilburn indicated he was satisfied with his attorney's representation.

The district court adopted the facts set forth in the PSR. With the acceptance of the conviction (guilty plea) and pronouncement of the sentence, the district court's judgment shall remain undisturbed according to the instruction of *Anders v. California*, 386 U.S. 738 (1967).

With regard to the actual conviction, the undersigned has thoroughly examined the entire record for meritorious issues regarding defendant's innocence and has found none.

5

## SUMMARY OF ARGUMENT

Appellant contends his injuries and prior condition of being shot should have mitigated a lower sentence. Additionally, he believes the cross-reference in the presentence report regarding possession of a firearm was inappropriate.

## ARGUMENT

A.    Standard of Review

"In assessing a Guidelines enhancement, an appellate court reviews findings of fact for clear error and legal decisions de novo. Under the clear error standard of review, the appellate court will only reverse if left with the definite and firm conviction that a mistake has been committed. In assessing a Guidelines enhancement, "we review findings of fact for clear error and legal decisions de novo." *United States v. Chandia*, 675 F.3d 329,337 (4th Cir. 2012) citing: *United States v. Rooks*, 596 F.3d 204, 210 (4th Cir. 2010).

B.    Discussion

Appellant contends an assessment regarding a 2-level enhancement pursuant to U.S.S.G. 2D1.1(b)(1) specific offense characteristics should not have been assessed against him. His *pro se* understanding is that there was no nexus between the firearm he was convicted of possessing in his California State criminal conviction and the marijuana in this federal case. Wilburn's maturation during presentence detention leads him to argue; he should not be evaluated on

6

information in the PSR. He contends he is not the person depicted in it. (Sentencing Tr. Pg. 11). Incarceration has led to self-improvement in the life of Marvin Wilburn. As such he believes his transformation is extraordinary when compared with the average narcotics defendant. Wilburn had a thriving auto sales and leasing business before being indicted. Appellant believes as a survivor of a violent crime, that took the life of his friend, he should have received greater compassion than just the low end of the guideline range.

## **Anders Protocol**

Appellant signed a plea agreement containing a waiver of his right to a direct appeal. The Fourth Circuit has stated "[i]t is clear that a defendant may, in a valid plea agreement, waive [a federal statutory] right of appeal, just as more fundamental rights such as the right to counsel and the right to a jury trial may be waived." *United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 991). Regarding a waiver of the right to collateral review, the Fourth Circuit has held there is "no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights" in a plea agreement. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

## **The Undersigned**

The undersigned is aware that he must identity any grounds for relief and brief those issues. "The brief must set forth a statement, of the facts with citations

7

to the transcript, discuss the legal issues with citations of appropriate authority, and argue all issues that are arguable… If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law and may ask to withdraw from the case, but he must not argue the case against his client." *Robbins* v. *Smith*, 152 F.3d 1062, 1066 (9th Cir. 1997).

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client, as oppose to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict; be of assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders* at 744.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully prays the accompanying Motion to Withdraw as Counsel be granted and the Appellant be appointed new counsel. Additionally, the undersigned prays this Court will review the record for other possible errors and hold the matter open for Appellant's *pro se* brief.

8

Respectfully Submitted,


*/s/Denzil H. Forrester*
N.C. State Bar No. 24976
Attorney for Defendant
Denzil H. Forrester Attorney-at-Law
3325 Washburn Avenue, Suite 103
Charlotte, NC 28205
(704) 632-9992
(704) 632-9969-fax
denzilfesq@aol.com

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. __14-4588__   Caption: __U.S. v. Marvin Wilburn__

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓]   this brief contains __1, 873__ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]   this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓]   this brief has been prepared in a proportionally spaced typeface using __Microsoft Word 2010__ [*identify word processing program*] in __14 Point, Times New Roman__ [*identify font size and type style*]; **or**

   [ ]   this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) __Denzil H. Forrester__

Attorney for __Appellant__

Dated: __11/17/2014__

# CERTIFICATE OF SERVICE

I certify that on  11/17/2014  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Amy Elizabeth Ray
Office of the U.S. Attorney
United States Courthouse
100 Otis Street
Room 233
Asheville, NC  28801
(828) 271-4661
amy.ray@usdoj.gov

/s/ Denzil H. Forrester                              11/17/2014
_____       _____
            Signature                                               Date